Parker, J.
The only question in this case arises upon the 4th, 5th and 6th counts, and it is only necessary to analyse one of them, all being liable to the same objection, viz. that no consideration for the promise is alleged. The fourth count avers that the defendant, on the 15th of September 1835, at &c. executed his certain other agreement in.writing, undertaking to settle with Thomas Bland &c. 320 dollars, and then to pay to the plaintiff the further sum of 255 dollars according to the tenour and effect of the said agreement, and being so liable, he the defendant, in consideration thereof, promised to pay to the plaintiff the lastmentioned sum of 255 dollars. Whether this count is defective or not, depends altogether on the question how far, in an action of assumpsit on a writing of this character, the plaintiff is bound to allege and prove a consideration for the promises and undertakings set forth in it. I am clearly of opinion he must do both.
*452 That in general the plaintiff who brings an action of assumpsit must state a consideration, no one doubts. But in assumpsit on a promissory note, it is said that no consideration need be averred and proved, because our act of assembly allows an action of debt to be brought on' the note itself, without laying or proving a consideration ; (see Peasley v. Boatwright, 2 Leigh 195. Crawford v. Daigh, 2 Va. Cas. 521.) and it is supposed that this provision authorizes us to imply a consideration from the nature of the instrument, in the same manner that, in an action of assumpsit on a promissory note in England, a sufficient consideration is presumed. But there it is not owing to the form of the bill or note, nor to the circumstance of its being in writing, that the law gives it that effect, but because it is commercial paper. Chitty on Bills, p. 9. 10. Previous to the statute of 3 and 4 Ann. c. 9. an action of debt could not be maintained on a promissory note, as of itself importing a debt, but the plaintiff was obliged to declare on the contract as in assumpsit, stating and proving the real consideration at large. By that statute, and “ to the intent to encourage trade and commerce,” (which, says the preamble, ■“ will be much advanced if such notes shall have the same effect as inland bills of exchange,”) notes in writing promising to pay money were in all respects put upon the footing of inland bills; and after that, no question could arise concerning the necessity of alleging a consideration in any form of action upon them. It was a peculiar privilege conferred upon them by the force of the statute, that (as in bills of exchange) a sufficient consideration should be implied from the commercial nature of the instrument. But that does not seem to ■me to be the effect of our act of 1730, 4 Hen. Stat. at •large, p. -275. It simply allowed an action of debt on the note, to the end that the recovery of the money ■“ might be rendered more easy.” It did not change the nature of the instrument, nor give to it the charac *453 ter of a bill of exchange; nor do I conceive it would have been impressed with that character, had the clause allowing discounts been omitted, unless it had been expressly assimilated to an inland bill, or other commercial paper. The only effect of the act seems to me to be, to allow a new form of action to be brought on the writing itself, namely, an action of debt, and, if that action is brought, to dispense with the averment or proof of consideration. If, however, debt is brought on the original contract, it is still necessary to shew a consideration to support it; and a, fortiori if assumpsit is brought, which is always on the original contract, the same consequence must follow. In the case of Crawford v. Daigh, the judge delivering the opinion of the court declares expressly, that it was not intended to interfere with the action of assumpsit; and judge Carr, in Peasley v. Boatwright, carefully confines his observations to the action of debt: so that this case is one of the first impression in this court, although I am satisfied the general opinion of the profession has heretofore been, that in all actions of assumpsit brought in this state, except on bills of exchange and notes placed expressly on the same footing, it is necessary to aver and prove a consideration. The counsel for the appellee accounted for the omission in some of the counts in this declaration, by candidly avowing that it was because he feared no consideration could be proved; and the probability is that the verdict was obtained without such proof.
There is another consideration entitled to weight in this cause. The assumpsit■ is brought upon an instrument promising to settle with the sheriff a certain sum of money, and to pay another sum to the plaintiff by having a credit for it with Hyer Jackson in the sale of lots. I doubt much whether any action of debt could be maintained on it. Certainly it could not be brought on the promise to settle with another; and as the two *454 are joined in this fourth count, it would seem that the-count could only be in assumpsit, unless two actions, one in assumpsit and the other in debt, could be brought on the same written agreement. In this respect it is very similar to the case of Moseley v. Jones, 5 Munf. 23. where the court decided that, the judgment was erroneous, there being no consideration laid in the declaration. It is, however, useless to enlarge on this point, since, on the other, I am of opinion that the demurrer to the 4th, 5th and 6th counts ought to have been sustained, and that, for overruling it, the judgment should be reversed.